**LEONARD V. SOMINSKY**
**LEONARD V. SOMINSKY, ESQ., PC.**
One East Camelback Rd., Suite 660
Phoenix, Arizona 85012
Telephone (602) 234-5900
landslaw@qwest.net

Leonard V. Sominsky
Arizona State Bar No. 020013
Attorney for Debtor(s)

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| In re: | ) | Chapter 13 |
| | ) | |
| ROBERTA C. MOEHL, | ) | Case No.  **2:09-19211-ECF-JMM** |
| | ) | |
| | ) | **DEBTORS'** |
| | ) | **CHAPTER 13  PLAN and** |
| | ) | **APPLICATION FOR PAYMENT** |
| Debtor(s). | ) | **OF ADMINISTRATIVE EXPENSE** |
| | ) | |

**Creditors shall be provided for and paid as stated in this Plan regardless of the secured claim amount stated in a proof of claim. If a secured creditor does not timely file an objection to confirmation of the Plan then it is deemed to have accepted treatment of its claim under the Plan and the amount to be paid on the secured claim.  11 U.S.C. § 1325(a)(5)(A).  Confirmation of the Plan binds all claimants to treatment of the claims as provided for in this Plan. The binding effect is regardless of any proof of claim which may be filed.  11 U.S.C. § 1327.**

The debtor(s) propose the following Chapter 13 Plan:

**I.     PROPERTY AND FUTURE EARNINGS**.  The debtor(s) shall submit the following property and future earnings to the Trustee for distribution under the Plan:

Payments:     **$430.00** er month for 60 months, starting **September 11th, 2009;**

When payments are remitted late, additional interest may accrue on secured debts, which may result in a funding shortfall at the end of the Plan term.  The debtor(s) will cure any funding shortfall before a discharge is entered.

The debtor(s) will provide the Trustee with a copy of their federal and state income tax returns for **2008** and **2009** to assist Trustee in determining any changes in disposable income.

Other property: **None.**  Excluding nonexempt property or property recovered by the Trustee, if the debtor(s) submit other property or funds to the Trustee in excess of amounts required by the Order Confirming the Plan, they will be treated as advance payments, unless otherwise ordered by the Court.

**II.    DURATION OF THE PLAN**.  The debtor(s) will make Plan payments for 60 months.  In no event will the duration of the Plan be reduced to less than 60 months, exclusive of any property recovered by the Trustee and/or any supplemental Plan payment made by the

Debtor(s) unless, before the end of this period, the amount necessary to pay all allowed claims in full has been paid. The duration of the plan is greater than 36 months to pay off the large amount of secured debt and arrearages.

**III.    CLASSIFICATION AND TREATMENT OF CLAIMS**.

This Plan and any Order Confirming Plan shall not constitute an informal proof of claim for any creditor.

If a creditor fails to file a secured claim before confirmation or files a wholly unsecured claim, the debtor(s) may delete the proposed payment of a secured claim in a proposed Order confirming the Plan with no additional notice. If a creditor files a secured claim in an amount less than that proposed in the Plan, then the secured claim amount will be the amount paid.

**A.    ADMINISTRATIVE EXPENSES**

1. Trustee's Compensation: The Trustee shall receive such percentage fee of the Plan payments as may periodically be fixed by the Attorney General pursuant to 28 U.S.C. § 586(e), but not to exceed 10%.

2. Attorney Fees: The debtor(s)' attorney shall be paid $0.00 pro rata with any adequate protection payments and prior to commencement of payments on any other claim listed hereafter.

Attorney Leonard V. Sominsky has filed this Chapter 13 proceeding on behalf of the debtor(s). Counsel hereby files this application for approval of administrative expense pursuant to 11 U.S.C. § 330. Mr. Sominsky agreed to represent the debtor(s) with regard to the confirmation of the debtor(s)' Chapter 13 Plan. This is counsel's first fee application in this case.

The debtor(s) paid the sum of $4,000.00 prior to the filing of the Chapter 13 Plan. Debtor(s)' counsel requests fees and expenses in the amount of $0.00 be approved to be paid from funds collected by the Chapter 13 trustee in the form of Plan payments. This fee does not include the fee of $195.00 per hour for contested matters or case reinstatements or plan modifications or moratoriums, which may arise in the future. This counsel will file another fee application should a contested matter issue arise.

Services rendered by Mr. Sominsky include: attorney conferences for the analysis of the Debtor's financial position, advice and counsel regarding the application of 11 U.S.C. Chapters 7, 11 and 13; assistance with and the processing of information necessary to the preparation of the official forms required by the court to be filed with a Chapter 13 petition; the actual preparation of Debtors' petition, schedules, statement of financial affairs, master mailing list, Chapter 13 Plan, and all corresponding declarations; document copying and mailing necessary for the noticing out of the Chapter 13 Plan to all interested parties; representation at the first meeting of creditors and at all hearings on confirmation of the Plan; client consultations, creditor negotiations, and conferences, and representation as regards the Chapter 13 Trustee and other interested parties.

**B.    CLAIMS SECURED BY REAL PROPERTY**

1. The creditors listed below shall retain their security interest in the real property securing their claim.

2. Regular monthly payments coming due after the filing of this Plan shall be made outside the Plan. No payment shall be deemed late and the agreement which is the basis for the claim shall not be deemed in default as a result of

arrearages treated by this Plan.

3. Arrearages shall include all payments, late charges, attorney fees and costs due at the time of filing this Plan, as well as reasonable attorney fees and costs incurred by the secured creditor in this action. The arrearages estimated below shall be adjusted to reflect actual amounts allowed.

4. The allowed arrearage amount shall be paid in full prior to commencement of payment on any claim listed hereafter, except as provided in this Plan or an Order confirming the Plan.

5. The debtors' homestead exemption in the property and in any identifiable cash proceeds from the sale of real property is allowed. The debtors' homesteaded real property may be used in any manner, transferred, encumbered or sold without further order of the Court upon Plan confirmation and the Trustee's approval. After payment of any and all liens or encumbrances on the property have been made, all exempt cash proceeds from the sale of the property shall become the sole property of the debtors, and any non-exempt proceeds will be turned over to the Trustee.

| Claimant | Security | Interest Rate | Estimated Arrearages |
|---|---|---|---|
| Countrywide/Bank of America | single family home | 0.00% | $12,434.94 |

The debtors estimate the value of the property to be 136,000.00

The debtors estimate that the arrearage will be cured within **_58 months**.

**C. CLAIMS SECURED BY PERSONAL PROPERTY**

1. <u>Payment Order</u>. Claims secured by personal property shall be paid pro rata.

2. <u>Non-tax Secured Claims</u>. The following creditors shall retain their interest in property securing their claims. They shall be paid the lesser of the debt balance or the value of the property, together with interest at the rate specified. Upon payment of this amount, the creditor's security interest shall be released. Any unpaid balance shall be classified as an unsecured, nonpriority claim. Claims paid as secured by personal property shall be paid prior to payments on any claims listed hereafter. A secured creditor must release the lien against the property upon entry of a discharge. The value of the property is the amount of the creditor's secured claim stated below. The method of valuation is National Automobile Dealers Association (www.nadaguides.com).

3. If a creditor fails to file a secured claim before confirmation or files a wholly unsecured claim, the debtor(s) may delete the proposed payment of a secured claim in a proposed order confirming the plan with no additional notice. If a creditors files a secured claim in an amount less than that proposed in the Plan, then the secured claim amount will be the amount paid.

Nongovernmental creditors not specifically named in this paragraph are presumed to be

unsecured, nonpriority claims.

**HSBC, secured by a lien on the debtors' 2005 Chevy Montecarlo, shall be paid as a secured claim of $7,500 at 6.00% interest.** Trustee shall hold monthly adequate protection payments in the amount of $75.00 from month one (1) of the Plan until confirmation of the Plan, dismissal or conversion of the case, which ever occurs first, at which time all accumulated adequate protection funds shall be paid to HSBC. Such distributions shall be credited toward the amount to be received by HSBC through the Chapter 13 Plan in accordance with the Trustee's regular payment schedules and interest calculations.

**GE Money Bank, secured by a lien on household furniture**, **shall be paid as a secured claim of $1,000 at 0.00% interest.**

  4. <u>Secured Tax Claims</u>. The following tax claim shall be treated as a secured claim. A tax claimant must release all liens after the Court enters a discharge.

| Claimant | Nature of priority claim | Amount |
|---|---|---|
| NONE | Property tax | |

  5. <u>Property to be Surrendered</u>. All stays against enforcement by the creditor of its interest in the collateral shall be vacated. Any allowable claim for a deficiency shall be treated as an unsecured claim.

| Claimant | Property to be Surrendered |
|---|---|
| NONE | |

**D. UNSECURED, PRIORITY CLAIMS**. The following claims shall be classified and paid as unsecured, priority claims and will be paid in full, without post-petition interest, after payment of any secured claims and prior to any claims listed hereafter.

Unless stated otherwise below, all tax returns which are due have been filed. The debtor agrees to keep current the filing of all required post-petition tax returns, as well as making all payments due on such returns.

| Claimant | Nature of priority claim | Amount |
|---|---|---|
| Arizona Department of Revenue | unpaid income tax | Per Proof of Claim |
| Internal Revenue Service | | Per Proof of Claim |

All other tax claims shall be classified and paid as unsecured, nonpriority claims, with any portion not paid being discharged.

**E. SPECIAL NONPRIORITY UNSECURED CLAIMS**. The following claims shall be classified and paid as special, unsecured nonpriority claims and will be paid in full without post-petition interest, after payment of any unsecured, priority claims and prior to any claims listed hereafter.

| Claimant | Consideration | Amount |
|---|---|---|
| NONE. | NONE | |

**F. GENERAL UNSECURED NONPRIORITY CLAIMS**. All other claims shall be classified as unsecured, nonpriority claims. Unsecured claims will be paid the balance of payments under the Plan, pro rata. Any amounts remaining unpaid shall be dischargeable or nondischargeable in accordance with 11 U.S.C. § 1328. The amount to be paid on unsecured, nonpriority claims as stated in the attached Plan Analysis is an estimate only.

**IV. OBJECTIONS TO PLAN**. Any objections by a creditor to the Plan must be in writing and filed with the bankruptcy Court not later than the date specified in the notice. A copy of the objection must be served upon the Trustee and Debtors' counsel. If no objection is timely filed, then the creditor is deemed to have accepted treatment of its claim under the Plan.

**V. REJECTION OF LEASES OR EXECUTORY CONTRACTS**. The debtors elect not to assume the lease or contract with creditors named in this paragraph and shall surrender to such creditor the collateral subject to the lien or lease in full satisfaction of any and all claims secured or unsecured creditors may have against debtors arising from the transaction creditor's interest in said property.

NONE.

**VI. LIEN AVOIDANCE**. The debtors may file a separate motion to avoid liens pursuant to § 522(f) of the Bankruptcy Code. All secured creditors, except those whose liens are avoided pursuant to § 522(f), shall retain their liens until paid as provided for by this Plan.

**VII. EFFECTIVE DATE AND VESTING**. The effective date of the Plan shall be the date of the order confirming the Plan. Exempt property of the estate which has been disclosed shall vest in the debtors upon entry of discharge. The debtors may use exempt property in any manner or may sell the property without further order of the Court, upon confirmation and the Trustee's approval.

DATED this 31st day of August, 2009 .

/S/ ROBERTA C. MOEHL
    Roberta C. Moehl
    Debtor


/S/ Leonard V. Sominsky  #020013
    Leonard V. Sominsky
    Attorney for Debtor(s)

# PLAN ANALYSIS

Debtors: ROBERTA C. MOEHL                    Case No **2:09-19211-ECF-JMM**

Prior: NONE

## TOTAL DEBT AND ADMINISTRATIVE EXPENSES PROVIDED FOR BY THE PLAN

| | | |
|---|---|---:|
| 1. | DEBTOR'S UNPAID ATTORNEY FEES | $0.00 |
| 2. | PRIORITY CLAIMS | |
| | 1. Taxes | $0.00 |
| | 2. Other | $0.00 |
| 3. | PAYMENTS TO CURE DEFAULTS | $12,630.94 |
| 4. | PAYMENTS TO SECURED CLAIMS | $9,482.45 |
| 5. | PAYMENTS ON OTHER CLASS | $0.00 |
| 6. | PAYMENTS ON GENERAL UNSECURED CLAIMS | $1,106.61 |
| 7. | SUB-TOTAL | $23,220.00 |
| 8. | TRUSTEE'S COMPENSATION (10% of debtor's payments) | $2,580.00 |
| 9. | TOTAL AMOUNT OF PLAN PAYMENTS | $25,800.00 |

## RECONCILIATION WITH CHAPTER 7

| | | |
|---|---|---:|
| 10. | INTEREST OF GENERAL UNSECURED CREDITORS IF CHAPTER 7 FILED | |
| | 1. Value of debtor's interest in nonexempt property | $1,100.00 |
| | 2. Value of property recoverable under avoiding powers | $0.00 |
| | 3. Less: Estimated Chapter 7 administrative expenses | $300.00 |
| | 4. Less: priority claims | $0.00 |
| 11. | EQUALS ESTIMATED DIVIDEND FOR GENERAL UNSECURED CREDITORS UNDER CHAPTER 7 | $800.00 |
| 12. | ESTIMATED DIVIDEND UNDER PLAN | $1,106.61 |

**IF THERE ARE DISCREPANCIES BETWEEN THE PLAN AND THIS PLAN ANALYSIS, THE PROVISIONS OF THE PLAN, AS CONFIRMED, CONTROL.**